## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LEONARDO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  18 cv 372 |
| | ) | |
| CITY OF CHICAGO; HUMAN RESOURCES | ) | Judge Robert M. Dow, Jr. |
| BOARD OF THE CITY OF CHICAGO; | ) | |
| SALVADOR A. CICERO, Chairman; | ) | |
| SAMUEL L. EVANS, JR., Member; KAREN | ) | |
| COPPA, Member; and ROGER J. BALLA, | ) | |
| Hearing Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

A. BACKGROUND

Plaintiff Leonardo Rodriguez, now 52 years old, was terminated from his City job on April 14, 2017.  He had performed manual labor and routine clerical tasks for the City.  After the City of Chicago Human Resources Board affirmed Mr. Rodriguez's termination, plaintiff filed a two-count administrative appeal in the Circuit Court of Cook County.  The City of Chicago removed the case to this Court.

This Court decided one and only one issue–that the City of Chicago did not violate the Fourth Amendment to the United States Constitution when it sent Mr. Rodriguez to be drug tested.  This Court declined to address "the substantial and numerous [other] questions" raised by plaintiff in this case.  (Document 56, p. 16 n. 9).

After this Court's March 27, 2019 ruling, the City filed a bill of costs seeking $1,517.50.

B. NO COSTS SHOULD BE IMPOSED UPON PLAINTIFF DUE TO HIS INDIGENCY

This Court may appropriately consider plaintiff's indigency in deciding whether to award costs. *Marx* v. *General Revenue Corp.*, 568 U.S. 371, 387 n. 9 (2013) *citing Badillo* v. *Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). In *Badillo*, the Seventh Circuit held that the inability to pay is a proper factor to be considered in granting or denying taxable costs. (*id.*). In that case, the Seventh Circuit affirmed the District Court's ruling denying costs to plaintiff's former employer after the employer prevailed in the underlying employment discrimination case.

Plaintiff Leonardo Rodriguez is indigent. As demonstrated by plaintiff's May 7, 2019 Affidavit of Financial Condition (attached hereto as Exhibit 1), plaintiff is receiving monthly wages of $800.00, his rent is $900.00 a month and he is two months behind on his rent. He owes his landlord $1,800.00. He still has symptoms from a back injury sustained in 2017 while working at a part-time job. (Exhibit A, pars. 2A, 12, and 13).

Plaintiff's impoverished financial condition comes as no surprise to the City lawyers because on July 13, 2018, the City took Mr. Rodriguez's deposition in this case. The City lawyers spent 21 pages of the deposition transcript (pages 30-50) questioning Mr. Rodriguez concerning his financial and health status. Those pages are attached hereto as Exhibit B. Mr. Rodriguez testified in his deposition that at a 2017 summer art fair, he was pulling a port-o-potty and accidentally slammed into a pole sticking out of the ground. After the accident, he could barely walk and was seriously hurt. (Exhibit B, p. 36, line 17 through p. 38, line 4). When he was eventually able to work again, Mr. Rodriguez earned $175 or $200 a week. (Exhibit B, p. 39, lines 9-16 and p. 44, lines 14-17).

The City is well aware that Mr. Rodriguez is indigent. Indeed, filing the bill of costs

2

against him–given the City's knowledge of his financial condition–was downright cruel.

The City's bill of costs should be denied in its entirety.

## C. THE CITY IS NOT ENTITLED TO THE AMOUNTS IT CLAIMS

Quite apart from Mr. Rodriguez's impoverished financial condition warranting a total denial of the City's bill of costs, the City has greatly exaggerated the amounts to which it is entitled under federal law.

### 1. Removal Costs

Although the City cites one unpublished Northern District of Illinois decision in support of awarding $400.00 for the cost of filing a case removed from the state court, the Seventh Circuit has not addressed the taxation of a removal fee. Removing the case from the Circuit Court of Cook County was the City's choice–this is an unnecessary expense. The Circuit Court of Cook County is fully authorized to rule on Fourth Amendment issues. A party seeking an award of costs bears the burden of showing that its requested costs were *necessarily incurred*. *Trustees of the Chicago Plastering Institute Pension Trust* v. *Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). The removal fee was not necessarily incurred--it was voluntarily incurred. This Court should deny the $400.00 removal cost filing fee.

### 2. Copying Rate Should Be No More Than 14 Cents Per Page

The City asserts that its in-house copying rate is twenty cents per page. (Document 59, pp. 3-4). This is wrong for two reasons. First, the City presents not one iota of evidence to support its claim that it costs the City twenty cents per page to make black and white copies. The City's argument in support of the 20 cent rate is pure *ipse* dixit and contrary to law. The City is not entitled to a 20 cent rate because it failed to provide any factual basis for that rate. *Ochana* v.

3

*Flores*, 206 F.Supp.2d 941, 946 (N.D. Ill. 2002) (20 cent rate for copies denied where defendants provided no factual basis to support why a $0.20 per page charge is reasonable or appropriate.) A party seeking an award of costs bears the burden of showing that its requested costs were reasonable. *Trustees of the Chicago Plastering Institute Pension Trust* v. *Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

Second, the City's 20 cents per page rate is in direct conflict with the Seventh Circuit's ruling that charges for in-house reproduction may not exceed the charges of an outside print shop. *Haroco, Inc.* v. *American National Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994); *Martin* v. *United States*, 931 F.2d 453, 455 (7th Cir. 1991). As set forth in paragraph 4 and Appendix 1 of the attached Affidavit of Jeffrey W. Finke (Exhibit C attached hereto), Staples will make copies at fourteen cents per page. Reducing the per page charge from 20 cents to 14 cents eliminates 30 percent of the City's copying costs claim. That is, the City's $704.20 copying cost claim is thereby reduced by 30 percent to $492.94.

3.  The City Is Charging for An Excess 1,404 Copy Pages

But the City did not stop at charging way too much per page. The City seeks to charge for way too many pages. Specifically, the City is charging for 3,521 copies (since $704.20 divided by 0.20 equals 3,521). Yet adding the total number of copies set forth in Document 59-1 pp. 22-24 yields a total of 3,421 pages. The City is claiming 100 more copy pages than are supported by its own submission to this Court.

While plaintiff is not contesting the courtesy copies provided to the Court pursuant to Local Rule 5.2 (f), plaintiff is contesting the City's claim for all copies in the course of discovery. That amounts to 1,304 copies (not including the 100 page overcount referred to in the previous

4

paragraph). The City concedes it limited its costs by putting the documents on CDs. (Document 59, p. 5). Therefore, the documents did not need to be copied. Importantly, the City provides no information at all as to the cost of putting the documents on CDs.

Furthermore, plaintiff's 981 pages of initial disclosures (Document 59-1, p. 23) were largely documents the City had previously produced during discovery in the administrative proceeding before the City of Chicago Human Resources Board and therefore are outside the scope of 28 U.S.C. § 1920. *Reutter* v. *Solem*, 736 F.Supp. 1028, 1029 (D.S.D. 1990) (litigation costs incurred during state court case preceding federal action are not recoverable under 28 U.S.C. § 1920).

In addition, the City generally emailed its discovery requests and responses; there was no need to also send them through the United States mail. There was no need to photocopy them for plaintiff's counsel. These documents were not necessarily obtained for use in this case. 28 U.S.C. sec. 1920(4).

Finally, on page 24 of Document 59-1, the City claims that plaintiff must pay for two 100-page sets of Exhibits 1-7 marked in the Rodriguez deposition. The 100-page figure is not correct. Exhibits 1-7 comprise a mere 20 pages–not 100 pages. (See Exhibit C, par. 6). Significantly, the City is not satisfied by charging twice for Exhibits 1-7. As will be set forth below, the City is charging for the same exhibits a third time by including them in the court reporter's invoice. (Document 59-1, p. 26).

4. Summary of Copy Costs

Even if contrary to plaintiff's indigency, this Court awards copying costs to the City, the award should be for no more than $296.38 (the Court's courtesy copies numbering 2,117 pages

multiplied by fourteen cents a page). As noted above, the City overcounted by 260 pages: the 80-page discrepancy in Exhibits 1-7 of the Rodriguez deposition for two sets (160 pages) and the difference between the City's claimed total of 3,521 pages as compared to the City's listing of only 3,421 pages (100 pages).

     5. <u>Fees for Depositions and Court Reporters</u>

Of the $413.30 asserted by the City for depositions and court reporter, plaintiff is contesting $4.80--the court reporter's charge of $4.80 for Exhibits 1-7 of the Rodriguez deposition–the *third* set of the Rodriguez deposition exhibits.

D.  <u>CONCLUSION</u>

Mr. Rodriguez is unable to pay anything. He is indigent. He is two months behind on his rent. Therefore, the City's bill of costs should be denied in its entirety.

Quite apart from the indigency issue, the City is not entitled to more than $296.38 in copying costs and $408.50 in deposition transcript and court reporter costs for a total of $704.88, rather than the $1,517.50 it seeks.

                    Respectfully submitted,


                    <u>/s/ Jeffrey W. Finke</u>
                    Attorney for Plaintiff
                    Leonardo Rodriguez


Jeffrey W. Finke
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601-1799
(312) 606-3333
jwfinke@mindspring.com

**LIST OF EXHIBITS**

| DESCRIPTION OF EXHIBIT | EXHIBIT LETTER |
|---|---|
| | |
| Affidavit of Leonardo Rodriguez | A |
| Leonardo Rodriguez Deposition Excerpts | B |
| Affidavit of Jeffrey W. Finke | C |