**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEONARDO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-372 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' bill of costs [58]. For the reasons set forth below, the Court grants in part and denies in part Defendants' bill of costs [58].

**I.      Background**

Plaintiff Leonardo Rodriguez was fired from his position as a driver for the City of Chicago after he got into a driving accident and subsequently failed a drug test. [56 at 4–6.] Plaintiff sued Defendants on various state and federal law theories in state court. [*Id.* at 7.] Defendants removed to federal court, which had federal question jurisdiction over one count. [*Id.*] Defendants moved for summary judgment on the count raising a federal question. [*Id.*] The Court granted summary judgment to Defendants and dismissed the remaining claims with leave to refile in state court. [*Id.* at 20.]

Defendants filed a bill of costs [58], and seek $1,497.50 in costs, revised down from an initial request of $1,517.50. [63 at 5–6.] These costs include the removal fee, printing costs, and costs associated with taking a deposition.

**II.      Legal Standard**

Federal Rule of Civil Procedure 54(d) provides, in relevant part: "costs—other than attorney's fees—should be allowed to the prevailing party." Federal statute dictates which types

of costs are allowable under this rule, including: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; * * * (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[] * * *."

"[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013). That said, "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Id.*; see also *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) ("Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs.") (internal quotation marks and citations omitted). Notwithstanding this strong presumption, the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). That is, "[o]nce the prevailing party demonstrates that the particular items of costs should be allowed, the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Costs incurred for one's own convenience are not necessary and therefore not recoverable. *E.g.*, *Boogaard v. National Hockey League*, 2017 WL 5517231, *2 (N.D. Ill. Nov. 17, 2017) (citing *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000); *Haroco, Inc. v. American Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994)).

## III.  Analysis

Defendants, as prevailing parties, seek to recover three general categories of costs:  the filing fee, printing costs, and the costs associated with conducting depositions.  Plaintiff raises various objections to each category of costs and also claims to be exempt from Rule 54(d) altogether because he is indigent.  Each category of costs is handled in turn.

### A.  Filing Fee

Defendants seek to recover the $400 filing fee they paid when they removed the case to federal court.  [58 at 1.]  The only justification they give for removal is that they did so "in order to address the federal claims."  [59 at 2.]  Plaintiff counters that removing the case to federal court was a voluntary, strategic choice, and in any event Defendants' proffered justification is inadequate.  [61 at 3.]

"Fees of the clerk" may be taxed.  28 U.S.C. § 1920.  While filing fees are recoverable, the Seventh Circuit has not, however, squarely addressed whether *removal* fees are recoverable as "fees of the clerk."  See *Piotrowski v. Menard, Inc.*, 2016 WL 7157353, *2 (N.D. Ill. Dec. 8, 2016) (quoting *Cleary v. Philip Morris Inc.*, 2010 WL 4039793 (N.D. Ill. Oct. 14, 2010)).  Several courts in this district have considered the issue, however, and they agree that removal fees can be taxed to the losing party.  *Id.* (collecting cases); see also *Cervantes v. Ardagh Group*, 2019 WL 1923395, *3 (N.D. Ill. Apr. 30, 2019) (assuming that removal fees are taxable).  The through-line of these cases is that filing the removal fee is a requirement of getting the case into a federal court, and therefore is recoverable.  See *Aguirre v. Turner Const. Co.*, 2008 WL 4790392, *3 (N.D. Ill. Oct. 27, 2008).  The Court will not veer away from this consensus:  Defendants are entitled to the $400 removal fee.

### B.    Printing Costs

Defendants may obtain reimbursement for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920.  Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not.  See *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir.2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990).  The prevailing party must provide sufficient detail such that the Court can discern whether the costs were reasonable and necessary—extensive documentation beyond that is not necessary.  See *Se-Kure Controls*, 873 F. Supp. 2d at 947 (citing *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Defendants seek to recover various printing costs they accrued while providing courtesy copies and hard copies of discovery materials.  [59-1 at 22–24.]  Plaintiff objects on multiple grounds.  First, Plaintiff contends that the quoted printing rate is too high.  [61 at 3–4.]  In support, Plaintiff attaches an affidavit showing that a local copy-shop charges $0.14/page (as opposed to the $0.20/page in the bill of costs).  [61-3, ¶¶ 4–5; *id.* at 4.]  Second, Plaintiff contends that the hard-copies of discovery materials were unnecessarily duplicative:  Plaintiff allegedly already had hard copies of many of the materials, and Defendants apparently transmitted some hard copies of discovery materials along with electronic media containing same.  [61 at 4–5.]  The Court will first consider the cost-per-page then turn to the number of pages.

The in-house printing rate of $0.20 per page is reasonable.  "Courts in this district have generally held that 10 to 20 cents per page is a reasonable cost for black and white copies." *Hernandez-Martinez v. Chipotle Mexican Grill, Inc.*, 2013 WL 2384251, *4 (N.D. Ill. May 30,

2013) (citing *Kaplan v. City of Chicago*, 2009 WL 1940789, *4 (N.D. Ill. July 6, 2009) (collecting cases)). Indeed, judges "routinely grant copying costs of $0.20 per page," *United States v. Woodward Governor Co.*, 2016 WL 2755324, *3 (N.D. Ill. May 12, 2016) (collecting cases), and do so even when the taxed party submits documentation that a local copy shop charges a lower rate. *Id.*; see also *Mitchell v. City of Chicago*, 2014 WL 12878920, *3 n.1 (N.D. Ill. May 5, 2014) (explaining that the rate charged by the City's vendor is reasonable even if higher than that charged by Kinko's). Moreover, Defendants legitimately justified doing (at least some of) their copying in house—the relevant discovery materials included sensitive personnel files, including the results of Plaintiff's positive drug test. [63 at 3]; see *Woodward Governor*, 2016 WL 2755324 at *3. Thus, $0.20 per page is reasonable.

Plaintiff does not contest the number of pages for courtesy copies for the Court, so the only remaining point of contention for copying costs regards the hard-copies provided during discovery. The Court has repeatedly held that printing for document review or production is recoverable, because it is necessary and not for counsel's convenience. See *Lally v. City of Chicago*, 2013 WL 1984422, *12 (N.D. Ill. May 13, 2013) (taxing cost of photocopying medical records for discovery, but not "copies and printing for trial prep"); *IWOI, LLC v. Monaco Coach Corp.*, 2013 WL 870208, *4 (N.D. Ill. Mar. 6, 2013) (explaining that generally fees associated with producing hard copies of discovery are recoverable, but only if description indicates that copies were not made for counsel's own use); *Phillips v. Allen*, 2011 WL 1884558, *3 (approving taxing costs for a 1932-page "Bates Stamped" document based on little additional information); see also *Boogaard*, 2017 WL 5517231 at *3 (allowing recovery of costs for printing material produced to opposing counsel, along with other potentially responsive client documents printed but not ultimately produced). Also, costs for discovery that is provided in hard copy (as opposed to or along with electronic

records) are recoverable so long as the printing was not for counsel's own convenience. See *Mitchell*, 2014 WL 12878920 at *3; *Nicholson v. Allstate Ins. Co.*, 2012 WL 1192077 *2 (N.D. Ill. Apr. 10, 2012) (allowing recovery for duplicative discovery when files are stored in different media or locations).

Here, Plaintiff has failed to rebut the presumption that Defendants are entitled to the printing costs associated with producing documents for discovery. The fact that *Plaintiff* already had some of the documents in his possession is not enough to foreclose the reasonableness of Defendants' printing a single copy for production—especially given that production was mandatory. See *Nicholson*, 2012 WL 1192077 at *2 (allowing cost recovery when multiple copies, stored in multiple locations, were printed).[1] Here, Defendants went to great lengths to minimize printing costs and ensure that no unnecessary copies were made. [59 at 5.] Moreover, Defendants are "not seeking compensation for initial copies of any documents it did not ultimately produce to Plaintiff," although they have that right. [*Id.*]; *Boogaard*, 2017 WL 5517231 at *3. And Plaintiff's argument that the entirety of discovery should have been copied to compact disk is beside the point—Defendants explain that it made copies "in order to review them for potential production," and did not make copies of other production materials where it did not have to. [59 at 5.] Plaintiff has failed to rebut the "strong presumption" that these printing costs are reasonable and necessary, and therefore they may be taxed to Plaintiff. *Contreras*, 119 F.3d at 1295; *Boogaard*, 2017 WL 5517231 at *3; *Mitchell*, 2014 WL 12878920 at *3.

---

[1] Plaintiff's citation to *Reutter v. Solem*, 736 F.Supp. 1028 (D.S.D. 1990), is inapposite. In *Reutter*, the district court refused to reimburse the prevailing party for costs that he had accrued in a separate proceeding. *Id.* at 1029. Here, Defendants do not seek reimbursement for costs associated with a prior administrative hearing—rather, these costs are associated solely with producing discovery in the instant federal case.

### C.    Deposition Costs

Of the $413.30 requested by Defendants for deposition transcripts and a court reporter, Plaintiffs only contest $4.80 that the court reporter charged for making a PDF copy of deposition exhibits.  [61 at 6.]  "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable, Fed. R. Civ. Pro. 54(d)(2), but ancillary fees services provided for attorney convenience are not.  *Hernandez-Martinez*, 2013 WL 2384251 at *3 ("Delivery fees, second copies, electronic versions of the transcript, and so forth are not allowable because they are regarded as a convenience or an ordinary business expense for the lawyer.") (citing *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 981 (N.D. Ill. 2003)).  Defendants explain that this $4.80 fee was necessary because they were charged for an electronic PDF copy of the deposition exhibits that they already had in hard copy.  [63 at 5.]  But Defendants have not explained why it was *necessary* to obtain the exhibits in multiple formats.  In fact, obtaining multiple copies of the same document smacks of convenience rather than necessity.  *Hernandez-Martinez*, 2013 WL 2384251 at *3 (disallowing recovery of costs associated with producing electronic copies of deposition, because said copies were for attorney convenience).  As such, $4.80 should be deducted from the bill of costs.

### D.    Plaintiff's Indigency

Plaintiff argues that all this copper-counting is irrelevant because he is indigent and therefore need not pay *any* costs.  [61 at 2.]  Defendants counter that Plaintiff is not, in fact, indigent, and in any event, the balancing test used to determine whether to impose costs on indigents weighs in their favor.  [63 at 1–3.]

Although the Seventh Circuit does recognize an exception for Rule 54(d) for indigent litigants, this is a "narrow" one.  *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).  As

a threshold issue, the party seeking to invoke indigence must show that they are in fact indigent: "*Rivera* requires that a party seeking the benefit of the indigence exception demonstrate *both* that he is incapable of paying at this time and *in the future*." *Mitchell*, 2014 WL 12878920 at *2 (explicating *Rivera*, 469 F.3d at 635–36). If the Court finds that Plaintiff is indigent, it must then weigh "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Rivera*, 469 F.3d at 635.

In assessing the threshold question of indigency, the Court has previously looked to "the government's poverty guidelines as a reference (https://aspe.hhs.gov/poverty-guidelines)." *Burrell v. United Parcel Service, Inc.*, 2016 WL 4720024, *5 (N.D. Ill. Sept. 8, 2016). According to the Health and Human Services Poverty Guidelines, the threshold for poverty for a single-person household is $12,490. Here, Plaintiff has a job that pays $800.00 per month, and he also does not list any dependents. [61-1 at 1.] He is therefore slightly below the poverty threshold (assuming an annual income of $9,600). He is unlikely to be able to currently pay: in addition to being below the poverty threshold, his salary is less than the $900 he pays in monthly rent and he complains of lingering back pain. [61-1 at 4.] But Plaintiff's own financial statement shows that he is employable and is at present earning a salary. Likewise, Plaintiff is 52 years old—and presumably has several working years before retirement. See [36, ¶ 1]. Even if Plaintiff's lingering back-pain is currently limiting his ability to work, Plaintiff has not shown that he will permanently be unable to earn a living wage. Thus, although Plaintiff has shown that he cannot *currently* afford to pay, he has not shown that he is "incapable of paying * * * *in the future*." *Mitchell*, 2014 WL 12878920 at *2. He therefore does not fall within the "narrow" exception for indigency. See *Rivera*, 469 F.3d at 636.

Even if Plaintiff is indigent, however, the Court nevertheless concludes that Defendants are entitled to costs. The bill of costs—less than $1,500—is relatively low, even as compared to Plaintiff's current monthly salary of $800 per month. The issues presented before the Court were also not close. The central question in Plaintiff's case was whether Defendants' decision to test Plaintiff for drugs was based on reasonable suspicion (and therefore constitutional). [56 at 10–11.] Although Plaintiff raised "substantial and numerous questions" about various aspects of Defendants' drug testing policy, the Court did not have occasion to address those questions. [*Id.* at 16 n.9.] Rather, Plaintiff *admitted* that he would likely fail a drug test, which obviously "gave [Defendants] probable cause to order the urine test." [*Id.* at 15.] Plaintiff's borderline indigence does "not justify filing weak suits and then demanding that someone else pay the bill." *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999). Accordingly, the Court will not further lower the assessed costs.

## IV. Conclusion

For the foregoing reasons, the Court awards costs to Defendants in the sum of $1,492.70 (that is, the requested total less the $4.80 PDF duplication fee).

Dated: October 15, 2019

_____
Robert M. Dow, Jr.
United States District Judge